UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERICO RODRIGUEZ,<br><br>        Plaintiff(s),<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant(s). | Case No. 2:15-CV-2507 JCM (PAL)<br><br>ORDER |

  Presently before the court is defendants the United States of America's and the United States of America *ex rel* Department of the Air Force's (collectively, as the "government") motion to dismiss intervenor Sussex Insurance Company's ("Sussex" or "intervenor") complaint (ECF No. 18) for lack of subject matter jurisdiction. (ECF No. 27). Intevenor filed a response (ECF No. 29), to which the government replied (ECF No. 30).

  Also before the court is the government's motion to dismiss the battery claim alleged in *pro se* plaintiff Federico Rodriguez's complaint (ECF No. 3) for lack of subject matter jurisdiction. (ECF No. 28). Plaintiff has not responded, and the time to do so has since passed.

**I. Facts**

  This is a personal injury action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. (the "FTCA"), arising out of events that occurred at Nellis Air Force Base (the "base") located in Las Vegas, Nevada, on August 16, 2011.

  Plaintiff Rodriguez, a truck driver, was on the base to pick up a load that was to be transported. (ECF No. 3). The base is equipped with active vehicle barriers ("AVB") designed to protect the base from dangerous vehicles unlawfully entering the facility. (ECF No. 3). Plaintiff

**James C. Mahan**
**U.S. District Judge**

alleges that despite the fact that he was lawfully permitted to be on the base, the base unwarrantedly deployed an AVB, causing him injury.  (ECF No. 3).

Plaintiff's employer Fontana Transport, Inc. had worker's compensation insurance covering his injuries.  (ECF No. 18).  Plaintiff in intervention Sussex is the subrogee.  (ECF No. 1).

On January 4, 2016, plaintiff Rodriguez filed a complaint against the government alleging three claims for relief: (1) negligence; (2) intentional infliction of emotional distress; and (3) battery.  (ECF No. 3).  On May 12, 2016, Sussex filed a complaint in intervention against the government alleging two claims for relief: (1) negligence; and (2) subrogation.  (ECF No. 18).

In the instant motions, the government seeks to dismiss Sussex's complaint in intervention for failure to exhaust administrative remedies prior to filing suit (ECF No. 27) and seeks to dismiss plaintiff's battery claim pursuant to sovereign immunity (ECF No. 28).  The court will address each in turn.

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a Rule 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor*

**James C. Mahan**
**U.S. District Judge**

*Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

**III.    Discussion**

*A.    Sussex's Complaint in Intervention*

In the instant motion, the government argues that dismissal of Sussex's complaint in intervention is proper because Sussex has failed to exhaust its administrative remedies prior to filing as required by the FTCA. (ECF No. 27 at 3). In particular, the government contends that Sussex is a worker's compensation insurance carrier and subrogee of its insured, Fontana Transport, Inc. and, in its capacity as a subrogee, it must file its own administrative claim, file a joint claim with its insured, or step into the shoes of its insured. (ECF No. 27 at 4). The government asserts that Sussex has not filed its own administrative claim, nor has it filed a joint claim or stepped into the shoes of its insured. (ECF No. 27 at 4).

In response, Sussex contends that it seeks no additional relief beyond plaintiff's claims. (ECF No. 29 at 3). Citing to nonbinding authority, Sussex argues that its rights derive from those

of plaintiff's and that it should be allowed to "piggy-back" on plaintiff's claim. (ECF No. 29 at 3).

The court disagrees. In *Security National Insurance Co. v. United States*, the Ninth Circuit rejected a similar argument, holding that "Security National's arguments that it should be excused from § 2675(a)'s exhaustion requirement because other parties with overlapping interests have filed their own claims lack merit." 637 F. App'x 347, 347 (9th Cir. 2016).

In Sussex's response, it also seeks leave to amend. (ECF No. 29 at 4). The court finds that Sussex's request is in violation of Local Rule IC 2-2(b), which states that a separate document must be filed on the docket for each purpose. Nonetheless, the court will grant Sussex leave to amend its complaint in intervention, but cautions that future filings shall comply with the local and federal rules.

Accordingly, the court will grant the government's motion to dismiss (ECF No. 27) Sussex's complaint in intervention (ECF No. 18). Further, the court will grant Sussex leave to amend its complaint in intervention. (ECF No. 29). Sussex shall file an amended complaint, which complies with the local and federal rules, within fourteen (14) days of the entry of this order.

### B. Plaintiff's Battery Claim

As an initial matter, the court acknowledges that plaintiff's complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

In the instant motion, the government argues that dismissal of plaintiff's battery claim is proper for lack of subject matter jurisdiction as the government has not waived its sovereign immunity from suit for such claims. (ECF No. 28 at 2).

Plaintiff has failed to respond, and the time to do so has since passed. Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any

**James C. Mahan**
**U.S. District Judge**

- 4 -

motion . . . constitutes a consent to the granting of the motion." LR 7-2(d).  Thus, by failing to file a timely response, plaintiff has consented to the granting of the government's motion to dismiss his battery claim.  *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law).

Nevertheless, before dismissing a claim for failure to comply with a local rule, the court considers several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

After weighing these factors and reviewing the underlying filings, the court finds dismissal appropriate and will grant the government's motion to dismiss plaintiff's battery claim.  Dismissal serves the public's interest in expeditious resolution of litigation and allows the court to effectively manage its docket.  While public policy favors the disposition of cases on their merits, forcing the government to wait for plaintiff, who has been unresponsive in the proceedings thus far, would likely prejudice the government.  Approximately four months has elapsed since the expiration of plaintiff's response deadline, which was August 11, 2016, and plaintiff has yet to file an opposition to the government's motion to dismiss.  While the court acknowledges that plaintiff is appearing *pro se*, *pro se* litigants are nonetheless bound by the same rules of procedure.  *See id*. at 54.

Accordingly, the court will grant the government's motion to dismiss (ECF No. 28) plaintiff's battery claim.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion to dismiss (ECF No. 27) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Sussex shall file an amended complaint within fourteen (14) days of the entry of this order.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   IT IS FURTHER ORDERED that the government's motion to dismiss plaintiff's battery
2  claim (ECF No. 28) be, and the same hereby is, GRANTED without prejudice.
3   DATED December 14, 2016.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -