UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERICO RODRIGUEZ, | Case No. 2:15-CV-2507 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

Presently before the court is defendant in intervention Federico Rodriguez's ("Rodriguez" or "plaintiff") motion for judgment on the pleadings as to plaintiff in intervention Sussex Insurance Company's ("Sussex" or "insurance carrier") first amended complaint in intervention. (ECF No. 74). Sussex filed a response (ECF No. 81), to which Rodriguez replied (ECF No. 82).

Also before the court is Sussex's motion to perfect and enforce lien. (ECF No. 85). Rodriguez filed a response (ECF No. 90), to which Sussex replied (ECF No. 95).

**I.  Facts**

This is a personal injury action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. (the "FTCA"), arising out of events that occurred at Nellis Air Force Base (the "base") located in Las Vegas, Nevada, on August 16, 2011.

Rodriguez, a truck driver, was on the base to pick up a load that was to be transported. (ECF No. 3). The base is equipped with active vehicle barriers ("AVB") designed to protect the base from dangerous vehicles unlawfully entering the facility. (ECF No. 3). Rodriguez alleges that despite the fact that he was lawfully permitted to be on the base, the base unwarrantedly deployed an AVB, causing him injury. (ECF No. 3).

Rodriguez's employer Fontana Transport, Inc. ("Fontana") had worker's compensation insurance covering his injuries. (ECF No. 18). Plaintiff in intervention Sussex is the subrogee. (ECF No. 1). Sussex paid benefits to Rodriguez pursuant to the workers' compensation insurance policy and California law. (ECF No. 11).

On January 4, 2016, Rodriguez filed a complaint against the government under the Federal Torts Claims Act ("FTCA") seeking damages for the negligent acts of the government. (ECF No. 3). On May 12, 2016, Sussex filed a complaint in intervention against the government alleging two claims for relief: (1) negligence; and (2) subrogation. (ECF No. 18). On December 14, 2016 the court dismissed with prejudice Sussex's complaint for lack of subject matter jurisdiction under Rule 12(b)(1), because Sussex failed to exhaust its administrative remedies as required under the FTCA. (ECF No. 39). Sussex was granted leave to amend its complaint in intervention. *Id.*

On December 28, 2016, Sussex filed an amended complaint in intervention naming Rodriguez as the defendant in intervention. (ECF No. 42). The amended complaint alleges Sussex is entitled to subrogation of workers' compensation benefits paid under the workers' compensation policy issued to its insured, Fontana, for expenses incurred by its employee, Rodriguez. *Id.* Additionally, Sussex seeks to enforce its lien rights under the California Labor Code against any recovery by Rodriguez from the government. (ECF No. 85).

In the instant motion, Rodriguez requests a judgment on the pleadings. (ECF No. 74). Rodriguez claims Sussex cannot, as a matter of law, bring an action directly against Rodriguez, the plaintiff in the original suit. *Id.* Thus, Sussex's complaint in intervention should be dismissed with prejudice. *Id.* Rodriguez further alleges Sussex's claims for subrogation and/or lien claims were eliminated when it failed to timely file a FTCA claim, resulting in the dismissal, with prejudice, of its direct action against the government. *Id.* On similar grounds, Rodriguez argues Sussex's motion to perfect and enforce lien (ECF No. 85) should be denied as well. (ECF No. 90).

**II.     Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

**III. Discussion**

Sussex paid benefits to Rodriguez pursuant to the workers' compensation insurance policy between Sussex and Fontana, Rodriguez's employer, and pursuant to California law. (ECF No. 11). Rodriguez is a California resident and Fontana is a California corporation. Both parties acknowledge the workers' compensation policy, and the dispute between Sussex and Rodriguez arising from that policy, are governed by California law.

*a. Judgment on the pleadings*

California Labor Code provides employers and/or insurance carriers three alternative means of recovery: (1) bringing a direct action against the third-party tortfeasor (§ 3852); (2) joining as a party plaintiff or as intervenor in an action by employee against the third-party tortfeasor (§ 3853); or (3) applying for a first lien against the employee's recovery (§ 3856 subd. (b)).

Instead of pursuing one of these statutorily authorized means of recovery, Sussex chose to file an amended complaint in intervention against Rodriguez, the injured employee. (ECF No. 42). There is no authority under California Labor code to bring an action in intervention against the employee, the plaintiff in the original complaint. § 3853 only authorizes a complaint in intervention against the third-party tortfeasor. *Limited Mutual Etc. Ins. Co. v. Billings*, 74

Cal.App.2d 881, 883 (1946). Thus, as a matter of law, Sussex cannot maintain an action in intervention against Rodriguez.

Accordingly, Rodriguez's judgment on the pleadings (ECF No. 74) as to Sussex's first amended complaint (ECF No. 42) is granted, but contrary to Rodriguez's assertions, this does not impact Sussex's ability to assert its lien rights.

*b. Motion to perfect and enforce lien*

As a matter of law, Rodriguez has not established that Sussex is barred from asserting its lien rights as against Rodriguez. The court recognizes Sussex's efforts to secure reimbursement have been marred by repeated error and mistake. First, Sussex's direct action against the government was dismissed with prejudice for failure to exhaust administrative remedies under the FTCA. (ECF No. 39). Sussex then, absent any statutory authority, filed an amended complaint in intervention against Rodriguez, the injured employee and plaintiff in the original action. (ECF No. 42).

Nonetheless, given the strong public policy behind the relevant California Labor Code sections to prevent double recovery by the employee in workers' compensation actions, Sussex will not be barred from asserting its lien rights against Rodriguez. *Duncan v. Wal-Mart Stores, Inc.*, 18 Cal.App.5th 460 (2017) (citing *Abdala v. Aziz*, 3 Cal.App.4th 369 (1992)). In fact, the court in *Abdala* "discern[ed] a clear legislative policy militating in favor of reimbursement whenever possible." *Abdala*, 3 Cal.App.4th at 377. The court finds reimbursement possible in this case.

Here, preventing Sussex from recouping expenses it paid on behalf of Rodriguez would result in a massive windfall for Rodriguez. Sussex paid $185,912.00[1] in expenses resulting from Rodriguez's accident due to the negligence of the government. (ECF No. 85, Attachment 1, ECF No. 87). On November 7, 2017, Rodriguez and the government reached a settlement in the amount of $245,000.00. (ECF No. 85, Attachment 3). On December 15, the court granted a stipulation of dismissal as to Rodriguez's complaint against the government. (ECF No. 92). Should the court

---

[1] This figure is based on an itemized record of payments provided by Sussex as an attachment to its motion to perfect and enforce lien (ECF No. 85).

James C. Mahan
U.S. District Judge

- 4 -

deny Sussex's motion to perfect and enforce its first lien right against Rodriguez's recovery, Rodriguez seeks to gain $245,000.00, less attorneys' fees and costs. Such a scenario is in direct contravention to a main purpose of the California Labor Code. *Abdala*, 3 Cal.App.4th at 377.

Neither party points to particularly convincing case law, and generally relies on self-serving interpretations of the Labor Code in support of its respective arguments. Rodriguez fails to cite to any case supporting his contention that because Sussex's direct action against the government was dismissed with prejudice, Sussex is now barred from asserting its lien rights as against Rodriguez, the original plaintiff.

Conversely, Sussex argues that asserting its lien rights is an alternative to bringing direct action against the third-party tortfeasor, the government here, and that initially attempting an unsuccessful suit against the tortfeasor does not bar Sussex, the insurance carrier, from asserting its lien rights against Rodriguez, the employee. In other words, so long as the lien is properly asserted and perfected, the right to assert the lien is not dependent on the ability to sue the third-party tortfeasor. Sussex heavily relies on *Abdala*, a California state appellate court case. Aetna, the insurance carrier in *Abdala*, sought to intervene in the employee's action against the third-party and assert its lien rights against the employee. *Abdala*, 3 Cal.App.4th at 373. Aetna did not first choose to bring a direct action against the third-party tortfeasor. *Id.*

To prevent an employee from retaining both third party damages and workers' compensation benefits for the same injuries and disabilities, the Labor Code permits an employer[2] to recover workers' compensation benefits it has become obligated to pay and/or has paid by (1) bringing an action directly against the tortfeasor (§ 3852), (2) joining as a party plaintiff or intervening in an action brought by employee (§ 3853), or (3) allowing the employee to prosecute the action and then applying for a first lien against the resulting judgment or settlement (§ 3856, subd. (b)). *Id.* at 375, 378).

While the court agrees that an insurance carrier may choose either to sue the third-party tortfeasor or simply maintain a lien on plaintiff's recovery, that scenario is not exactly analogous

---

[2] The chapter of the Labor Code establishing these employer remedies defines the term "employer" to include its insurer. (California Labor Code § 3850, subd. (b).)

**James C. Mahan**
**U.S. District Judge**

- 5 -

to the facts at hand. Here, the insurance carrier opted to first directly sue the third-party tortfeasor. Upon dismissal with prejudice, the carrier *then* chose to pursue a second means of recovery provided under section Labor Code § 3852.

While clearly an example of careless and inefficient litigation, the court finds no case law, nor interpretation of the Labor Code, that bars Sussex from now properly asserting its lien right in the wake of its dismissed direct action against the government.

Instead, California courts have consistently held an insurance carrier can recover the covered expenses "by utilizing any of the three different means" of recovery available under the Labor Code. *O'Dell v. Freightliner Corp.*, 10 Cal.App.4th 645, 653 (1992); *Witt v. Jackson*, 57 Cal.2d 57, 69 (1961); *Heaton v. Kerlan*, 27 Cal.2d 716, 721-22 (1946); *Brandon v. Santa Rita Technologies, Inc.*, 25 Cal.App.3d 838, 842 (1972); *Abdala v. Aziz*, 3 Cal.App.4th 369, 377 (1992). This court finds no case law in support of the contention that choosing one alternative, regardless of the outcome, forecloses the insurance carrier from then pursuing either of the remaining two means of recovery. In fact, the court's holding in Abdala indicates otherwise. Factual incongruences aside, the insurance carrier in *Abdala* "was entitled to avail itself of *one or more* of the alternatives (direct action, intervention, or lien) specified in sections 3852, et seq." *Abdala*, 3 Cal.App.4th at 378.

Further, the California Labor Code assures that the employer, at least ultimately, is entitled to recover its due, regardless of which party (insurance carrier or employee) sues the third party. *Abdala*, 3 Cal.App.4th at 376; *County of San Diego v. Sanfax Corp.*, 19 Cal.3d 862, 872 (1977); *Ventura County Employees' Retirement Association v. Pope*, 87 Cal.App.3d 938, 952 (1978). Consistent with case law and the Labor Code, Sussex seeks repayment only for the expenses it covered on behalf of Rodriguez. Sussex does not seek more than it is owed. Accordingly, Sussex's improperly filed direct action against the government should not completely bar its reimbursement.

Sussex recognizes that in order to effect recovery, it must timely move to enforce and perfect its lien against Rodriguez. In cases where the employee and a third-party tortfeasor settle, an insurance carrier must assert its lien rights before consummation of the settlement. *Abdala*, 3 Cal.App.4th at 378; *Jacobsen v. Industrial Acc. Com.*, 212 Cal. 440, 448 (1931).

**James C. Mahan**
**U.S. District Judge**

- 6 -

Here, Sussex filed its motion to perfect and enforce lien on December 1, 2017, more than three weeks after Rodriguez and the government agreed to settle on November 7, 2017. (ECF No. 85). Nonetheless, the court in *Abdala* found the date on which the settlement proceeds were distributed, not the date the terms were agreed to, was dispositive. *Abdala*, 3 Cal.App.4th at 378. In that case, while Aetna filed after the employee and third-party settled, because it did so before distribution of the settlement proceeds, the court found Aetna's application for a lien was timely brought. *Id.* at 378-79. Despite the appellate court's finding, because the settlement proceeds were paid to the plaintiff immediately following the trial court's ruling, and before Aetna filed a notice of appeal, the court held there was nothing on which Aetna could attach a lien. *Id.* at 379.

Here, it is unclear whether the settlement proceeds have been disbursed to Rodriguez. Sussex filed a motion for temporary restraining order (ECF No. 88) on December 5, 2017. Within that motion, Sussex references disbursement of the settlement funds as an event yet to take place: "Counsel for Plaintiff *intends* to disburse the settlement funds . . . ." (ECF No. 88 at 2). The court thus assumes that as of December 5, 2017, the settlement funds had not been disbursed. This is significant, as Sussex filed its motion to perfect and enforce lien four days prior, on December 1, 2017. Accordingly, and consistent with the court's finding in *Abdala*, Sussex timely moved to enforce its lien rights. Nonetheless, in the event that Rodriguez's counsel has since distributed the settlement funds to Rodriguez, Sussex will lose its ability to assert its lien rights.

Rodriguez further argues that it can "settle around" Sussex. (ECF No. 90). Based on the facts of the case, the court disagrees. An employee can only "settle around" the insurance carrier's lien where: (1) the third party tortfeasor has affirmatively asserted employer negligence in its answer; or (2) the settlement agreement expressly excludes any rights, claims, or benefits conferred by the insurance carrier. *LaBorde v. McKesson & Robbins, Inc.*, 264 Cal.App.2d 363, 368 (1968).

Here, the settlement agreement between Rodriguez and the government does not exclude Sussex's lien claims. (ECF No. 85, Attachment 3). Additionally, the government did not raise employer negligence as a defense. *Id.* The court in *Duncan* stated: "unless the employer's recovery is barred by his contributory negligence, he will be entitled to a first lien on the entire amount the employee recovers after litigation expenses." *Duncan*, 18, Cal.App.5th at 465. Sussex

had no involvement in the accident, but as the insurance carrier of Rodriguez's employer, is merely seeking reimbursement for Rodriguez's expenses it covered.

Rodriguez argues that Sussex's motion to perfect and enforce lien should be disregarded because the supporting documents submitted as attachments to the motion were not provided during discovery pursuant to Fed. R. Civ. P. 26. The attachments include an itemized expense report and two declarations, one from a claims adjuster employed by Sussex and the other from Sussex's attorney. The court disagrees.

It is highly improbable that Rodriguez had no idea as to the amount of reimbursement owed Sussex. After all, Sussex paid *Rodriguez's* expenses. At the very least, Rodriguez must have been generally aware of the amount of expenses incurred as a result of his injury. Further, neither declaration includes information that, introduced at this later stage, is prejudicial to Rodriguez. Sussex's claims adjuster states she worked on the matter and thus has personal knowledge of the amount covered by Sussex, and Sussex's counsel states that the settlement agreement between Rodriguez and the government did not include either basis to "settle around" the lien as described above.

Pursuant to Fed. R. Civ. Pro. 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, unless the failure was substantially justified or is harmless. The court finds Sussex's failure to provide the itemized expense report and the two declarations during discovery harmless. Accordingly, the court will consider the supporting documents to Sussex's motion to perfect and enforce lien.

Lastly, Rodriguez objects to Sussex's determination as to the amount of the lien. The insurance carrier's lien attaches to the entire settlement the employee obtained. *Duncan*, 18 Cal.App.5th at 465. § 3856(b) mandates "the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer," be deducted from the employer's lien and paid first. After attorneys' fees and costs have been paid, the Labor Code is clear the employer's right to full reimbursement for the employee's expenses "takes first and full

- 8 -

priority," and the employee is entitled to the remaining portion of the settlement after reimbursement. *Gapusan v. Jay*, 66 Cal.app.4th 734, 741-42, n. 5 (1998).

Sussex provided an itemized expense report detailing each payment made on behalf of Rodriguez. (ECF No. 87). Further, Sussex provided a declaration by the responsible claim adjuster attesting to the amount. (ECF No. 85, Attachment 1). Accordingly, the court determines the amount of the lien to be in accordance with Sussex's findings: $185,912.00.

### c. Conclusion

Sussex's efforts to secure reimbursement were poorly litigated and mismanaged. However, the court finds the purposes of the California Labor Code (to encourage insurance carrier recovery and discourage employee double recovery) and relevant case law, permit Sussex's assertion of its first lien rights as against Rodriguez's settlement recovery. Accordingly, the court will grant Sussex's motion to perfect and enforce lien rights. (ECF No. 85). Further, the court finds the motion properly resolved without the need for oral argument.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Rodriguez's judgment on the pleadings as to Sussex's first amended complaint against Rodriguez (ECF No. 74) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Sussex's motion to perfect and enforce lien (ECF No. 85) be, and the same hereby is, GRANTED.

DATED February 2, 2018.

　　　　　　　　　　　　　　　　　/s/ James C. Mahan
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE